**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                   Plaintiff,<br><br>      v.<br><br>BRIAN SEWELL, et al.,<br><br>                   Defendants. | Case No. __:24-cv-_____ |

**CONSENT OF DEFENDANT BRIAN SEWELL**

1.      Defendant Brian Sewell ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)      permanently restrains and enjoins Defendant from violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder;

        (b)      permanently restrains and enjoins Defendant from, directly or indirectly, including, but not limited to, through any entity owned or controlled by

Defendant, participating in the issuance, purchase, offer, or sale of any

security, including any crypto asset security, provided, however, that such

injunction shall not prevent Defendant from purchasing or selling

securities for his own personal account; and

(c)    orders Defendant to pay a civil penalty in the amount of $223,229 under

Section 20(d)(2)(C) of the Securities Act and Section 21(d)(3)(B)(iii) of

the Exchange Act.

3.      Defendant acknowledges that the civil penalty paid pursuant to the Final

Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the

Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the

civil penalty shall be treated as a penalty paid to the government for all purposes, including all

tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall

not, after offset or reduction of any award of compensatory damages in any Related Investor

Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to,

nor shall he further benefit by, offset or reduction of such compensatory damages award by the

amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If

the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he

shall, within 30 days after entry of a final order granting the Penalty Offset, notify the

Commission's counsel in this action and pay the amount of the Penalty Offset to the United

States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be

deemed an additional civil penalty and shall not be deemed to change the amount of the civil

penalty imposed in this action.  For purposes of this paragraph, a "Related Investor Action"

means a private damages action brought against Defendant by or on behalf of one or more

investors based on substantially the same facts as alleged in the Complaint in this action.

4.      Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further agrees that he shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.    Defendant waives service of the Final Judgment and agrees that entry of the Final

Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations.  Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization.  This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding.  In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of

the complaint in this action.

12.    Defendant understands and agrees to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

or respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is

equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e),

Defendant: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the complaint or creating the impression that the

complaint is without factual basis; (ii) will not make or permit to be made any public statement

to the effect that Defendant does not admit the allegations of the complaint, or that this Consent

contains no admission of the allegations, without also stating that Defendant does not deny the

allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in

this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely

for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11

U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this

agreement, the Commission may petition the Court to vacate the Final Judgment and restore this

action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial

obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings

in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

expenses, or costs expended by Defendant to defend against this action.  For these purposes,

Defendant agrees that Defendant is not the prevailing party in this action since the parties have

reached a good faith settlement.

14.     Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

15.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: _____1/9/2024_____          _____
                                       Brian Sewell
        On _____, 2024, _____, a person known to me,
personally appeared before me and acknowledged executing the foregoing Consent.


                                       _____
                                       Notary Public
                                       Commission expires:


Approved as to form:

_____Jeffrey Smith_____ 1/9/2024
Jeffrey Smith, Esq.
Lawvisory LLC
1250 Connecticut Ave. NW, Suite 700
Washington, D.C. 20036
(202) 854-0515
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BRIAN SEWELL, et al.,

Defendants.

Case No. 1:24-cv-00137(MN)

**FINAL JUDGMENT AS TO DEFENDANT BRIAN SEWELL**

The Securities and Exchange Commission having filed a Complaint and Defendant Brian Sewell ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VII); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

(the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any

means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not misleading;

or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security, including any crypto asset security, provided, however, that such injunction shall not prevent Defendant from purchasing or selling securities for his own personal account.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for a civil penalty in the amount of $223,229 pursuant to Section 20(d)(2)(C) of the Securities Act and Section 21(d)(3)(B)(iii) of the Exchange Act.  Defendant shall satisfy this obligation by paying $223,229 to the Securities and Exchange Commission pursuant to the terms of the payment schedule set forth in paragraph V below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request.  Payment may also be made directly

from a bank account via Pay.gov through the SEC website at

http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange

Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of

this Court; Brian Sewell as a defendant in this action; and specifying that payment is made

pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case

identifying information to the Commission's counsel in this action.  By making this payment,

Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part

of the funds shall be returned to Defendant.

The Commission may enforce the Court's judgment for penalties by the use of all

collection procedures authorized by law, including the Federal Debt Collection Procedures Act,

28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders

issued in this action.  Defendant shall pay post judgment interest on any amounts due after 30

days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall

hold the funds, together with any interest and income earned thereon (collectively, the "Fund"),

pending further order of the Court.

4

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

Brian Sewell shall pay the penalty due of $223,229 in four installments to the Commission according to the following schedule: (1) $22,322.90, within 30 days of entry of this

Final Judgment; (2) $44,645.80, within 180 days of entry of this Final Judgment; (3) $66,968.70,

within 270 days of entry of this Final Judgment; and (4) $89,291.60, within 360 days of entry of

this Final Judgment. Payments shall be deemed made on the date they are received by the

Commission and shall be applied first to post judgment interest, which accrues pursuant to 28

U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to

making the final payment set forth herein, Brian Sewell shall contact the staff of the Commission

for the amount due for the final payment.

If Brian Sewell fails to make any payment by the date agreed and/or in the amount

agreed according to the schedule set forth above, all outstanding payments under this Final

Judgment, including post-judgment interest, minus any payments made, shall become due and

payable immediately at the discretion of the staff of the Commission without further application

to the Court.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is

incorporated herein with the same force and effect as if fully set forth herein, and that Defendant

shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of

exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement

entered in connection with this proceeding, is a debt for the violation by Defendant of the federal

securities laws or any regulation or order issued under such laws, as set forth in Section

523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.


Dated: _____, 2024


_____
The Honorable Maryellen Noreika
United States District Judge